JAMES M. FORSYTHE, JR. v. R. B. GEORGE, RECEIVER, ET AL.

**Levy on Exempted Property.**
> It is the duty of one causing a levy to be made on exempted property to see that the proceeds are paid to the person entitled to such . exemption.

APPEAL FROM WOODFORD COURT OF COMMON PLEAS.

February 17, 1880.

OPINION BY JUDGE PRYOR:

There can be no question but that the lien of the appellant was superior to the lien acquired by any of the attaching creditors, but his lien was subordinate to the claim of the debtor and his family to the value of the exempted property sold. The attachments levied by other creditors was not upon the property exempt from execution or distress warrant, and that issued by the appellant, or at his instance, embraced all the property not previously attached, including the property exempt from the payment of debts. It was the duty of the creditor, and particularly the appellant, who had a prior lien, to see that he was getting no part of the proceeds of the sale of the exempted property, and, in the distribution of the proceeds, to provide against the contingency that has resulted in making him liable. The failure to supersede or file the mandate could not have affected the rights of the appellees, as every creditor, including the appellant, had committed a wrong in appropriating to the payment of their debts property that could not be made liable therefor.

The appellant is entitled to the money paid to other creditors, as he had a superior lien, but, as against the widow, her lien was superior to his; that is, having levied on the exempted property, it was his duty to see that the proceeds were paid to the widow. He stood by and saw this money paid out without any objection, and when he knew the widow was prosecuting an appeal that would or might result in giving her the money to which she is now entitled. The widow will not be required to look to the insolvent creditors, for the reason that, to the extent of the exempted property sold, her right or claim is superior to that of any other creditor. The only

remedy for the appellant is to pursue the parties to whom the money was paid.

Judgment *affirmed*.

*Nat Gaither, O. S. Poston, for appellant.*

*T. H. Hanks, for appellees.*